UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CONSTANCE H. MCCAULEY )
)
v. ) NO. 2:04-CV-301
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Constance H. McCauley has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for Disabled Widow's Insurance Benefits under sections 202(e) and 223 of the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. McCauley was born in 1946 and was 58 years old at the time of her administrative hearing. [Tr. 15, 259]. She completed one semester of college and has relevant past work experience as a legal secretary and a shop manager. [*Id*.]. Ms. McCauley alleges she is disabled as of September 3, 2000, from depression, arthritis, tennis elbow, a fractured right ankle, migraine headaches, sciatica, and left leg pain. [Tr. 15, 258]. Based upon a finding that her impairments were severe but not severe

enough, the Administrative Law Judge [ALJ] found that Ms. McCauley was not disabled as defined by the Social Security Act. [Tr. 19].

At Ms. McCauley's administrative hearing held on March 2, 2004, the testimony of Ms. McCauley, friend Shirley B. Hunnycutt, medical expert Dr. Susan Bland, and vocational expert Cathy Sanders was received into evidence. [Tr. 259-80]. Ms. McCauley testified she previously worked as a legal secretary and bookkeeper and owned an auction hall. [Tr. 259]. She indicated the main hindrances to her working were lack of concentration, shaking, and depression. [Tr. 261]. She also experienced problems with her back, arthritis, and migraine headaches. [Tr. 265]. Ms. McCauley testified that about two years after her husband's death in 1993, she moved to Tennessee. [Tr. 266, 275].

Ms. Shirley Hunnycutt, a neighbor of Ms. McCauley's, testified next. [Tr. 269-71]. Ms. Hunnycutt testified she sees Ms. McCauley every day and has known her for six years. [Tr. 269]. According to Ms. Hunnycutt, Ms. McCauley did not plan well or keep up with her household chores. [Tr. 270].

Medical expert Dr. Susan Bland testified next. [Tr. 271-76]. The doctor testified that it was reasonable to conclude Ms. McCauley had some depression and anxiety, but the extent to which that impacted her ability to function was "hard to say." [Tr. 273]. Dr. Bland testified Ms. McCauley would be able to occasionally lift

2

35 to 40 pounds and frequently lift 10 to 15 pounds. [Tr. 274].

The last witness was vocational expert Cathy Sanders. [Tr. 276-80]. Ms. Sanders classified Ms. McCauley's past relevant work as light, skilled to heavy, semi-skilled. [Tr. 277-78]. The ALJ then asked the vocational expert to consider a person of Ms. McCauley's age, education, and past relevant work history who would be able to occasionally lift 35 to 40 pounds and frequently lift 10 to 15 pounds. [Tr. 278-79]. Such a person could work as an office clerk, bookkeeper, shipping and receiving clerk, information clerk, interviewer, record clerk, and cashier, according to the vocational expert. [Tr. 279]. The ALJ then asked the vocational expert to consider the facts of the previous hypothetical coupled with the non-exertional limitations of a fair ability to deal with the public, work stresses, understand, remember, and carry out complex job instructions, and behave in an emotionally stable manner, as well as a poor ability to maintain attention/concentration. [Tr. 279]. The vocational expert testified that in that situation, such a person would not be able to work at the aforementioned jobs. [Tr. 279-80]. Finally, the vocational expert was asked to apply Ms. McCauley's testimony at the administrative hearing to the first hypothetical. [Tr. 280]. If such testimony were found to be credible and reliable, such a person would "be unable to compete in the labor market." [*Id.*].

The ALJ ruled that Ms. McCauley was not disabled because her impairments

3

of sinusitis, allergic rhinitis, neck pain, and degenerative disc disease of the cervical spine were severe but not severe enough to meet the disability standard. [Tr. 19] The ALJ then found Ms. McCauley retained the residual functional capacity [RFC] to occasionally lift/carry 35 to 40 pounds and frequently lift/carry 10 to 15 pounds. [Tr. 20]. Ms. McCauley should also not be exposed to heavy amounts of dust, fumes, vapors, and allergens in her work environment. [*Id.*]. As such, the ALJ found that Ms. McCauley retained the ability to perform her past relevant work as a legal secretary. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. McCauley requests summary judgment and challenges that ALJ's failure

4

to infer disability prior to September 30, 2000. To receive Disabled Widow's Insurance Benefits, Ms. McCauley must show, *inter alia*, she was disabled within seven years after the death of her spouse in 1993. 20 C.F.R. § 404.335(c)(1). The ALJ found that Ms. McCauley was not disabled during that time period because the medical evidence failed to indicate severe enough impairments. [Tr. 19]. According to the ALJ, Ms. McCauley's neck pain was improving, her rhinosinusitis was resolving, her elbow pain and right ankle fracture were resolved and healed, her headaches were improving, and her depression did not require more than minimal ongoing limitations. [Tr. 16-18]. These findings of the ALJ were based on the medical record. As such, the ALJ's decision that Ms. McCauley was not disabled during this time period was made with substantial evidence.

Ms. McCauley also contends the ALJ erred by finding her testimony concerning her subjective allegations was not completely credible. [Tr. 20]. According to the ALJ, the medical evidence of record failed to support specific allegations of pain or discomfort to the extent she alleged. [*Id*.]. Also, Ms. McCauley was advised to quit smoking cigarettes, but she did not. [*Id*.]. The ALJ also noted that none of her physicians indicated a disability. [*Id*.]. And, medical records indicated her depression was well-managed on medications and that she did not see a mental health professional until November 2002. [*Id*.]. Finally, the ALJ noted Ms. McCauley was

5

still able to cook, eat with friends, wash the dishes, shop with her daughter, occasionally attend church, sweep, clean, do laundry, watch televison, and work in her yard. [*Id*.]. The ALJ had substantial evidence to support his credibility finding. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Lastly, Ms. McCauley argues the ALJ erred in his interpretation of the vocational expert's testimony. According to Ms. McCauley, the ALJ should have adopted the limitations suggested by Dr. Steven Lawhon and assumed they applied to her condition prior to September 2000. Dr. Lawhon found in September 2003 that Ms. McCauley had a fair ability to deal with the public, work stresses, understand, remember, and carry out complex job instructions, and behave in an emotionally stable manner, as well as a poor ability to maintain attention/concentration. [Tr. 248-50]. The ALJ found, however, that these findings of Dr. Lawhon were made after Ms. McCauley's prescribed period had ended; three years after, in fact. [Tr. 19]. Because Dr. Lawhon's limitations were not relevant to the time period in question, the ALJ had substantial evidence to disregard them.

After careful consideration of the entire record of proceedings related to this case, Ms. McCauley's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

6

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE